## William Terrell v. The State.

It is no justification of an aggravated assault, that the house in which the assault was committed, in an effort to take forcible possession, was the property of the defendant, nor can the title be used in a criminal action, even to mitigate the offense.

Appeal from Marion. Tried below before the Hon. J. D. McAdoo.

Defendant was indicted by the grand jury of Marion county for aggravated assault.

On the trial of the case, it appeared that the defendant had purchased a certain house at sheriff's sale, and on going to the premises with his wife for the purpose of taking possession, he was met at the gate by the occupant, who, it seems, had rented the house from the defendant in execution, and was denied admittance. Defendant thereupon kicked open the gate, entered the premises, seized the occupant, who was a woman, wrenched a hatchet from her hands, and then picked up a hogshead stave which he had kicked off of the gate, and pursued the woman, who fled into the house and closed the door. Defendant broke down the door, seized the woman and dragged her out of the house, and then administered to her a wholesome spanking with the hogshead stave. On the trial of the case defendant offered in evidence to justify the assault, a deed from the sheriff of Marion county to the premises. This was objected to by the district attorney, for irrelevancy. The court below sustained the objection, and excluded the deed. Defendant was convicted of aggravated assault, and his motion for a new trial being overruled, he prosecutes this appeal.

*J. C. Stallcuf*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J.   The court did not err in ruling out defendant's evidence of title as a justification for an aggravated assault and battery, in taking forcible possession of a house which he was forbidden to enter ; such title could not be used in a criminal action of this character, even in mitigation of the offense.   If the defendant had purchased the house in question, and had a right of possession, the law would have afforded him a certain and peaceable remedy for all his wrongs, and saved him from the disgraceful necessity of making war upon a helpless woman.

There may be error in the charge of the court to the jury, but, upon a careful examination of the evidence, we are unable to convince ourselves that if there was error in the charge, it could have had any effect upon the verdict of the jury, unless it was in favor of the defendant.   We can hardly believe that a jury of intelligent men could be found, that would not, under the testimony in this case, have found the defendant guilty, under almost any charge ; and yet the jury in this case assessed the smallest possible fine, and only one month imprisonment.

We think the appellant has no just ground of complaint, and the judgment of the District Court is therefore affirmed.

Affirmed.